MICHAEL BAILEY
United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant U.S. Attorney
Arizona State Bar No. 013755
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Monica.Klapper@usdoj.gov
Attorneys for Plaintiff

FILED ✔ LODGED
RECEIVED COPY

JAN 28 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✔ FILED
RECEIVED ___ LODGED
___ COPY

OCT 20 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>      vs.<br><br>Steven A. Turner,<br><br>            Defendant. | No. CR-21-00056-PHX-JAT<br><br>**PLEA AGREEMENT** |

The United States and Defendant Steven A. Turner agree to dispose of this matter on the following terms and conditions:

**1.    PLEA**

Defendant will plead guilty to Count 1 of the information, charging him with securities fraud, a class B felony offense, in violation of 15 U.S.C. § 78j(b) & 17 C.F.R. § 240-10b-5.

**2.    MAXIMUM PENALTIES**

a.    Pursuant to 15 U.S.C. § 78ff, securities fraud is punishable by 20 years in prison, a maximum fine of $5 million, or both,  and a term of supervised release of 3 years. The maximum term of probation is 5 years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order Defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C.



1  § 3663 and/or 3663A, unless the Court determines that restitution would not be
2  appropriate;

3         (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
4  fine is not appropriate;

5         (3)     serve a term of supervised release when required by statute or when a
6  sentence of imprisonment of more than one year is imposed (with the understanding that
7  the Court may impose a term of supervised release in all other cases); and

8         (4)     pay upon conviction a $100 special assessment for each count to
9  which Defendant pleads guilty pursuant to 18 U.S.C. § 3013.

10        c.     The Court is required to consider the Sentencing Guidelines in determining
11 Defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is
12 free to exercise its discretion to impose any reasonable sentence up to the maximum set by
13 statute for the crimes of conviction, unless there are stipulations to the contrary that the
14 Court accepts.

15 **3.     AGREEMENTS REGARDING SENTENCING**

16        a.     <u>Stipulations</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that
17 Defendant's sentence shall not exceed the low end of the sentencing range as calculated
18 under U.S.S.G. § 1B1.1(a).  This stipulated sentencing cap will not change based on
19 departures considered under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude
20 Defendant from moving for a downward departure, variance, or sentence below the cap, or
21 preclude the Court from imposing a sentence below the cap.

22        b.     <u>Restitution</u>.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, Defendant
23 specifically agrees to pay full restitution, regardless of the resulting loss amount, but in no
24 event more than $14,551,000, to all victims directly or proximately harmed by Defendant's
25 "relevant conduct," including conduct pertaining to any dismissed counts or uncharged
26 conduct, as defined by U.S.S.G. § 1B1.3.  Defendant understands that such restitution will
27 be included in the Court's Order of Judgment and that an unanticipated restitution amount
28 will not serve as grounds to withdraw Defendant's guilty plea or to withdraw from this plea

1   agreement.

2     c.   <u>Assets and Financial Responsibility</u>. Defendant shall make a full accounting

3   of all assets in which Defendant has any legal or equitable interest.  Defendant shall not

4   (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such

5   assets or property, without the prior approval of the United States (provided, however, that

6   no prior approval will be required for routine, day-to-day expenditures).  Defendant also

7   expressly authorizes the United States Attorney's Office to immediately obtain a credit

8   report as to Defendant in order to evaluate his ability to satisfy any financial obligation

9   imposed by the Court.  Defendant also shall make full disclosure of all current and

10   projected assets to the U.S. Probation Office immediately and prior to the termination of

11   his supervised release or probation, such disclosures to be shared with the U.S. Attorney's

12   Office, including the Financial Litigation Unit, for any purpose.  Finally, Defendant shall

13   participate in the Inmate Financial Responsibility Program to fulfill all financial obligations

14   due and owing under this agreement and the law.

15     d.   <u>Acceptance of Responsibility</u>.  If Defendant makes full and complete

16   disclosure to the U.S. Probation Office of the circumstances surrounding his commission

17   of the offense, and if he demonstrates an acceptance of responsibility for this offense up to

18   and including the time of sentencing, the United States will recommend a two-level

19   reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. §

20   3E1.1(a). If Defendant has an offense level of 16 or more, the United States will move the

21   Court for an additional one-level reduction in the applicable Sentencing Guidelines offense

22   level pursuant to U.S.S.G. § 3E1.1(b). Defendant understands that recommendations are

23   not binding on the Court.  Defendant further understands that he will not be permitted to

24   withdraw the guilty plea if the Court does not follow a recommendation.

25   **4.**  **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

26     This agreement does not in any manner restrict the actions of the United States in

27   any other district or bind any other United States Attorney's Office.

28

5.   **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

      a.   If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give Defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

      b.   If Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute Defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, Defendant waives any and all objections, motions, and defenses based upon the statute of limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time of his change of plea or sentencing may be used against him in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.   **WAIVER OF DEFENSES AND APPEAL RIGHTS**

      Defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections that he could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against Defendant, or any aspect of Defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion Defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

- 4 -

7.   **DISCLOSURE OF INFORMATION**

a.   The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.   Any information, statements, documents, and evidence that Defendant provides to the United States pursuant to this agreement may be used against him at any time.

c.   Defendant shall cooperate fully with the U.S. Probation Office.   Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)   criminal convictions, history of drug abuse, and mental illness; and

(2)   financial information, including present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution.

8.   **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.   Nothing in this agreement shall be construed to protect Defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.   Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property Defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).   If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

b.   Defendant agrees to forfeit, and hereby forfeits, all interest in any asset that Defendant owns or over which he exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that

- 5 -

constitutes the proceeds of the offense, or which was used to facilitate the commission of the offense, including the following property:

| Loan Number | Name | Loan Date | Loan Balance (as of 9/30/20) |
|---|---|---|---|
| Ending 787 | C.M. | 09/01/10 | $ 92,422.02 |
| Ending 806 | E.D. | 09/01/10 | 35,405.82 |
| Ending 302 | M.S. | 10/16/16 | 36,370.31 |
| Ending 447 | A.S. | 04/09/13 | 43,165.91 |
| Ending 706 | AZ R.E.R.S., LLC | 09/15/15 | 15,000.00 |
| Ending 727 | I.M. and L.M. | 12/04/15 | 169,930.60 |
| Ending 743 | H.F. | 02/05/16 | 7,598.04 |
| Ending 821 | T.U. | 01/23/17 | 25,094.32 |
| Ending 862 | P.R. | 12/16/17 | 9,307.31 |
| Ending 878 | RMBR, LLC | 01/22/20 | 82,000.00 |
| Ending 879 | H.M. | 04/12/20 | 21,765.78 |
| Ending 880 | E.C. and C.N. | 08/01/20 | 103,292.82 |
| Ending 795 | MH, LLC | 01/23/18 | 677,363.10 |
| Total | | | $1,318,716.03 |

c.     Defendant further agrees to waive all interest in the above-described assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture for the above-described property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant further understands and agrees that forfeiture of the above-described assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

d.    Forfeiture of Defendant's above-described assets shall not be treated as full satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.  Defendant shall receive the appropriate credit against restitution as payments are received or as the assets are liquidated.  This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e.    Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture of the above-described assets imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment.  Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f.    Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further agrees that he will not contest civil, administrative or judicial forfeiture of the listed property.  Defendant waives his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

g.    The United States reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which Defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense.

h.    Defendant hereby waives, and agrees to hold the United States and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above.  Without limitation, Defendant

- 7 -

understands and agrees that by virtue of this plea of guilty, Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**9.    ELEMENTS**

**Securities Fraud, 15 U.S.C. § 78j(b) & 17 C.F.R. § 240-10b-5**

Between about January of 2013 and the present, in the District of Arizona and elsewhere:

      1.    Defendant acted in connection with the purchase or sale of a security;

      2.    Defendant knowingly and willfully employed a scheme or artifice to defraud, made untrue material statements or omitted a statement of material fact, and engaged in a practice that operated as a fraud;

      3.    Defendant acted with the intent to defraud; and

      4.    Defendant used, or caused to be used, a means or instrumentality of interstate commerce or the mail.

**10.    FACTUAL BASIS**

Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I am the sole owner and operator of Coyote Capital Investments, LLC.  Through Coyote Capital, I offered investments in short-term, high-interest loans (also known as "hard money loans") made to third parties to purchase distressed real estate.  Through a 2009 Coyote Capital private placement memorandum ("PPM"), and orally, I promised investors, among other things, that: (1) their funds would be used solely for this purpose; and (2) their funds would be secured by a first lien position in the real estate underlying the hard-money loan.  I used the 2009 PPM for all subsequent years.

In approximately 2013, I began diverting investor funds from their intended purpose, intentionally deceiving investors.  Instead of using the funds to make hard money

1   loans secured by real estate, I loaned the funds to a company called Knockout Gaming,

2   LLC, owned and operated by G.K.  I believed Knockout Gaming was developing software

3   for on-line gaming, and it had an office in Scottsdale, Arizona.   Between 2013 and the

4   present, I diverted at least $11 million dollars of Coyote Capital's investor funds to

5   Knockout Gaming.  By way of example, on September 26, 2018 I received a $150,000

6   Coyote Capital investment from M.G. under the 2009 PPM, wired into the Coyote Capital

7   operating account that I control.  Instead of using the funds as promised, I wired the funds

8   to Knockout Gaming on the same day.

9         Knockout Gaming has failed to produce a product that has generated revenue or

10  otherwise earn any revenue, and the company's Scottsdale office has closed.  I have not

11  received any interest on the amounts I loaned to Knockout Gaming, and none of the

12  principal has been returned to me. I defaulted on the monies due to the Coyote Capital

13  investors, causing more than $14 million in losses, as specified in the charging document.

14  Throughout this fraud, I used or caused the use of interstate wires, which I understand are

15  a means or instrumentality of interstate commerce.

16        Defendant shall swear under oath to the accuracy of this statement and, if Defendant

17  should be called upon to testify about this matter in the future, any intentional material

18  inconsistencies in his testimony may subject him to additional penalties for perjury or false

19  swearing, which may be enforced by the United States under this agreement.

20
                    **APPROVAL AND ACCEPTANCE OF DEFENDANT**
21
22        I have read the entire plea agreement with the assistance of my attorney.  I

23  understand each of its provisions and I voluntarily agree to it.

24        I have discussed the case and my constitutional and other rights with my attorney.

25  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

26  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

27  present evidence in my defense, to remain silent and refuse to be a witness against myself

28  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

1   to be presumed innocent until proven guilty beyond a reasonable doubt.

2       I agree to enter my guilty plea as indicated above on the terms and conditions set
3   forth in this agreement.

4       I have been advised by my attorney of the nature of the charges to which I am
5   entering my guilty plea. I have further been advised by my attorney of the nature and range
6   of the possible sentence and that my ultimate sentence shall be determined by the Court
7   after consideration of the advisory Sentencing Guidelines.

8       My guilty plea is not the result of force, threats, assurances, or promises, other than
9   the promises contained in this agreement.  I voluntarily agree to the provisions of this
10  agreement and I agree to be bound according to its provisions.

11      I understand that if I am granted probation or placed on supervised release by the
12  Court, the terms and conditions of such probation/supervised release are subject to
13  modification at any time. I further understand that if I violate any of the conditions of my
14  probation/supervised release, my probation/supervised release may be revoked and upon
15  such revocation, notwithstanding any other provision of this agreement, I may be required
16  to serve a term of imprisonment or my sentence otherwise may be altered.

17      This written plea agreement, and any written addenda filed as attachments to this
18  plea agreement, contain all the terms and conditions of the plea.   Any additional
19  agreements, if any such agreements exist, shall be recorded in a separate document and
20  may be filed with the Court under seal; accordingly, additional agreements, if any, may not
21  be in the public record.

22      I further agree that promises, including any predictions as to the Sentencing
23  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
24  (including my attorney) that are not contained within this written plea agreement, are null
25  and void and have no force and effect.

26      I am satisfied that my defense attorney has represented me in a competent manner.

27      I fully understand the terms and conditions of this plea agreement.  I am not now
28  using or under the influence of any drug, medication, liquor, or other intoxicant or

- 10 -

depressant that would impair my ability to fully understand the terms and conditions of this

plea agreement.

_____11-36-20_____

Date

_____

Steven A. Turner
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_____11|3|2020_____

Date

_____

Ashley Adams
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

- 11 -

Digitally signed by MONICA
KLAPPER
Date: 2020.11.03 14:58:56 -07'00'

1

Date

MONICA B. KLAPPER
Assistant U.S. Attorney

2

3

**ACCEPTANCE BY THE COURT**

4

5

20 OCT 2

Date

HONORABLE JAMES A. TEILBORG
Senior United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28